UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ____________________

HOWARD COHAN,

Plaintiff,

vs.

HURRICANE WINGS REALTY
OF BOCA WEST, LLC
d/b/a HURRICANE GRILL & WINGS,

Defendant.
______________________________________/

# COMPLAINT

COMES NOW, the Plaintiff, HOWARD COHAN ("Plaintiff"), by and through his undersigned counsel and hereby files this Complaint and sues HURRICANE WINGS REALTY OF BOCA WEST LLC d/b/a HURRICANE GRILL & WINGS ("Defendant"), for declaratory and injunctive relief, attorney's fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also,* 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.
2. Venue is proper in this Court, West Palm Beach Division, pursuant to 28 U.S.C. §1391(B) and the Internal Operating Procedures for the United States District Court

for the Southern District of Florida in that all events giving rise to the lawsuit occurred in Palm Beach, Florida.

## PARTIES

3. Plaintiff, HOWARD COHAN is *sui juris* and a resident of the State of Florida residing in Palm Beach County, Florida.
4. Upon information and belief, Defendant is the lessee, operator, owner and/or lessor of Real Property, which is subject to this suit, and is located 10125 Glades Road, Boca Raton, Florida 33498 ("Premises"), and is the owner of the improvements where Premises is located.
5. Defendant is authorized to conduct, and is in fact conducting, business within the State of Florida.
6. Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit. At the time of Plaintiff's visit to the Premises on October 23, 2015 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA, requires the use of bathroom facilities, a continuous path of travel connecting all essential elements of the facility and the use of other means of accessibility for persons with disabilities. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he would be classified as a "bona fide patron".
7. On or about March 8, 2016, Plaintiff filed a lawsuit against Defendant seeking to force Defendant to comply with the ADA and applicable regulations thereto. See *Howard*

*Cohan v. Hurricane Wings Realty of Boca West, LLC d/b/a Hurricane Grill & Wings*, Case No. 9:16-80343-DMM (S.D. Fla. 2016).

8. On or about May 10, 2016, Plaintiff's suit was dismissed upon Stipulation and Notice to the U.S. District Court that the parties had settled (**Exhibit "A"**).
9. In connection with said dismissal, Plaintiff and Defendant entered into a Settlement Agreement and Release on April 28, 2016 (**Exhibit "B"**).
10. The Settlement Agreement and Release required Defendant to complete all modifications to the premises by October 28, 2016.
11. Defendant has failed to commence the required modifications to the premises as required by the ADA and the Settlement Agreement and Release, and Defendant has failed to give notice of any reasons or documentation for non-compliance.
12. Plaintiff again personally visited Defendant's premises on December 17, 2016, prior to instituting this action.

**COUNT 1**

**BREACH OF CONTRACT**

13. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 12 above as if fully stated herein and would further allege:
14. On or about April 28, 2016, Plaintiff and Defendant entered into a Settlement Agreement and Release (Exhibit "B").
15. Through this Settlement Agreement, Defendant agreed to make modifications to the Defendant's premises as outlined in the Agreement. The Settlement Agreement and Release required Defendant to complete all modifications to the premises by October 28, 2016.

16. Plaintiff has performed all conditions precedent to be performed by him under the Settlement Agreement and Release.

17. Since April 28, 2016, Defendant has failed to complete the modifications promised to be done in the Settlement Agreement and Release it executed with the Plaintiff. Specifically, Defendant has failed to repair or modify every item it agreed to repair or modify when it executed the Settlement Agreement and Release on April 28, 2016. Specifically, the Defendant has failed to repair or modify the following:

A. Men's Restroom:

a. Provide or repair bathroom door with a proper maneuvering clearance as required by 2010 ADAAG §§ 403, 403.5, 403.5.1 and 404.2.3.

b. Provide operable parts on door which are functional and are in the proper ranges as required for a disabled person in compliance with 2010 ADAAG §§ 309, 309.1, 303.3 and 309.4.

c. Provide a urinal designed for a disabled person with horizontal projection of the urinal with a minimum of 13.5" in compliance with 2010 ADAAG §§ 605 and 605.2

d. Provide toilet paper dispenser in the proper position with a minimum of 7" to a maximum 9" in front of the toilet to center line and at the proper height with a minimum of 15" to maximum of 40" from the finished floor in compliance with 2010 ADAAG §§ 604, 604.7 and 309.4.

e. Provide mirror(s) with a proper minimum height 40" above lavatories in compliance with 2010 ADAAG §§ 603 and 603.3.

f. Provide the correct opening width for forward approach into a urinal or stall in compliance with 2010 ADAAG §§ 305, 305.7.1, 404 and 605.3.

B. Inside Bar Area:

a. Provide a minimum of one accessible dining table in the Inside bar area with an accessible route and sufficient toe and knee clearance. Bartender service will be provided at the handicap accessible table. If Bartender service will not be provided at the handicap accessible table then in addition to providing the handicap accessible table a section in the bar with a maximum height of 36" and a minimum length of 30" with sufficient toe and knee clearance will be provided. All modifications will be in compliance with the applicable 2010

ADAAG §§ 902, 902.1, 902.2, 305, 306, 904, 904.4, 904.4.1 and 904.4.2.

C. Outside Bar Area:

a. Provide a minimum of one accessible dining table in the inside bar area with an accessible route and sufficient toe and knee clearance. Bartender service will be provided at the handicap accessible table. If Bartender service will not be provided at the handicap accessible table then in addition to providing the handicap accessible table a section in the bar with a maximum height of 36" and a minimum length of 30" with sufficient toe and knee clearance will be provided. All modifications will be in compliance with the applicable 2010 ADAAG §§ 902, 902.1, 902.2, 305, 306, 904, 904.4, 904.4.1 and 904.4.2.

D. Takeout Service:

a. Provide a handicap accessible takeout service area in compliance with 2010 ADAAG §§ 904, 904.4, 904.4.1 and 904.2.

18. Plaintiff has been damaged by Defendant's breach of the Settlement Agreement and Release. Specifically, Plaintiff has had to retain the services of the undersigned counsel to pursue this action and is obligated to pay him a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

a) That this Court declare that Defendant has failed to comply with the Settlement Agreement and Release;

b) That this Court enter an Order requiring the Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent as required by Title III of the ADA;

c) That this Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit to the Plaintiff and as provided in the Settlement Agreement and Release (Exhibit "B"); and

d) That this Court award such other and further relief as it may deem necessary, just and proper.

Dated this 21st day of March, 2017.

FEINSTEIN & SOROTA, P.A.
7901 S.W. 6 Court
Suite 305
Plantation, FL 33324
Tel: (954) 617-1500
Fax: (954) 617-4100

By: **/s/ Mark D. Feinstein**
MARK D. FEINSTEIN, ESQ.
Florida Bar No.: 444170
Email: fspa@fspalaw.com

# EXHIBIT

# "A"

Case 9:16-cv-80343-DMM Document 19 Entered on FLSD Docket 05/10/2016 Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-80343-DMM

HOWARD COHAN,

Plaintiff,

vs.

HURRICANE WINGS REALTY OF BOCA WEST LLC, d/b/a HURRICANE GRILL & WINGS

Defendant(s)

______________________________/

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff, Howard Cohan ("Plaintiff") and Defendant, Hurricane Wings Realty of Boca West LLC, d/b/a Hurricane Grill & Wings ("Defendant") ("Plaintiff and Defendant are collectively referred to as the Parties"), having entered into a Confidential Settlement Agreement and Release ("Agreement") that resolves all claims that were or could have been brought in this action, hereby stipulate to the dismissal of this action with prejudice. Attorney's fees and other recoverable costs and expenses, if any, shall be disbursed as specified by the Parties in their Agreement.

Jointly submitted this 10th day of May, 2016.

**LOREN & KEAN LAW**
Counsel for Defendant
7111 Fairway Drive, Suite 302
Palm Beach Gardens, Florida 33418
Telephone: (561) 615-5701
Facsimile: (561) 615-5708

By: /s/ Allen J. Heffner
Allen J. Heffner
Florida Bar No. 84252
aheffner@lorenkeanlaw.com

**FEINSTEIN & SOROTA, P.A.**
Counsel for Plaintiff
7901 SW 6th Court, Suite 305
Plantation, Florida 33324
Telephone: (954) 617-1500
Facsimile: (954) 617-4100

By: /s/ Mark D. Feinstein
Mark D. Feinstein, Esq.
Florida Bar No. 444170
fspa@fspalaw.com

**LAW OFFICES OF**
**NEIL S. ODESSKY, P.A.**
Counsel for Plaintiff
7901 SW 6th Court, Suite 305
Plantation, Florida 33324
Telephone: (954) 617-1100
Facsimile: (954) 617-1300

By: /s/ Neil S. Odessky
Neil S. Odessky, Esq.
Florida Bar No. 354661
odesskylawpleadings@gmail.com

# EXHIBIT

# "B"

# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release (the "Agreement") is entered into by and between Howard Cohan ("Plaintiff') and Hurricane Wings Realty of Boca West LLC, d/b/a Hurricane Grill & Wings ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties"), as follows.

## RECITALS

**WHEREAS,** Plaintiff has filed a lawsuit against Defendant styled *Howard Cohan v. Hurricane Wings Realty of Boca West LLC, d/b/a Hurricane Grill & Wings,* Case No. 9:16-cv-80343-DMM in the United States District Court, Southern District of Florida, West Palm Division (the "Action"), seeking injunctive relief to remedy alleged accessibility barriers in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA");

**WHEREAS,** Defendant does not admit and expressly denies any violation of the ADA or any other federal, state or local law, statute, or ordinance, or that injunctive relief is warranted;

**WHEREAS,** the Parties, desiring to avoid the expense, time effort and uncertainty of further litigation, have agreed to a full and final settlement of all claims that were or could have been raised in the Action, including without limitation all ADA accessibility issues;

**NOW, THEREFORE,** in consideration of the promises, covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to the following terms and conditions as full and final settlement of this Action:

1. Barrier Removal.

A. Within 6 months from the date of execution of this Agreement, Defendant shall cause the modifications outlined in Exhibit A to this Agreement to be made to the Hurricane Wings Realty of Boca West LLC, d/b/a Hurricane Grill & Wings located at 10125 Glades Road, Boca Raton, Florida 33498, (the "Property").[1] The Parties agree for purposes of the Agreement that the remedial measures described in Exhibit A shall comply with existing federal, state, and local laws, rules and regulations relative to ADA barrier removal. In making these modifications, Defendant may avail itself of any provision applicable under the ADA 2010 Standards and the FAC or their implementing regulations.

---

[1]For the purposes of this Agreement, the following abbreviations shall apply: (1) "ADAAG" refers to the 2010 ADA Standards for Accessible Design, consisting of the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards") and (2) "FAC" refers to the Florida Accessibility Code. Furthermore, for the purposes of this Agreement, the term "accessible" shall be defined to mean accessible to persons with disabilities.

B. Defendant shall provide notice to Plaintiff's counsel upon completion of barrier removal. Plaintiff shall be permitted to request photographs of the barrier removal for view by Plaintiff's expert and Defendant shall provide those photographs within in thirty (30) days of the request. If Plaintiff chooses to inspect the Property Plaintiff's counsel, expert(s) and/or representative(s) shall be provided access to the Property to conduct an inspection to verify completion of the work required by this agreement. Plaintiff agrees not to interfere with or interrupt Defendant's operations while inspecting the Property. Plaintiff's re-inspection shall be at Plaintiff's sole expense, Plaintiff shall not be entitled to compensation or reimbursement from Defendant in connection with such re-inspection except in a subsequent action to enforce this Agreement as set forth herein. Upon completion of the alteration's described in the Exhibit A, the property shall be deemed ADA compliant. Nothing herein shall be construed to restrict or limit Plaintiff and/or his representatives from otherwise visiting or accessing the Property as customers.

2. Dismissal of Action.

Upon execution of this Agreement, the Parties shall sign and file a Joint Notice of Settlement. Upon counsel for Plaintiff receipt of fees and costs, pursuant to Paragraph 3 of this Agreement, the Parties shall sign and file a Joint Notice of Settlement and Stipulation of Dismissal with Prejudice of the Action, and a related proposed Agreed Order adopting the Parties' stipulation and dismissing the case with prejudice, in the forms collectively attached to this Agreement as composite Exhibit B.

3. Attorneys' Fees & Costs.

Within twenty (20) days of the filing of the Notice of Settlement pursuant to Paragraph 2 above, Defendant shall tender the sum total of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00), in the form of a check payable to "Feinstein & Sorota, P.A.," trust account (Tax ID No. 65-0109465) in full and final satisfaction of all attorneys' fees, costs and other expenses of any kind incurred by Plaintiffs in connection with the Action. Defendant shall bear its own attorney's fees, litigation expenses, and costs incurred in connection with this Action.

4. Release.

In consideration of the promises and covenants contained in this Agreement, including without limitation the voluntary accessibility remediation and attorneys' fee payment described in Paragraphs 1 and 3 above and in Exhibit A, Plaintiff, Howard Cohan voluntarily and irrevocably releases, acquits and forever discharges all known and unknown legal or equitable claims, demands, liabilities, rights, debts, judgments, damages, expenses, actions, causes of action, or suits of any kind against Defendant and each of its affiliated organizations and entities, and each of these entities' employees, officers, directors, agents, attorneys, predecessors, successors and assigns, attorneys, and each of their respective heirs, executors, administrators, personal representatives, successors and/or assigns (collectively, the "Defendant Released Parties") with regard to the accessibility of the Property. This release includes without limitation all claims against the Defendant Released Parties that arise under Title III of the ADA, FAC, and/or any other federal, state or local law governing physical access features for persons with disabilities at public accommodation, whether before any federal, state or local agency, in any court of law, or before any other forum relating to the Property. Notwithstanding the foregoing, this release does not bar or otherwise limit claims for breach of any provision of this Agreement, or any action taken to enforce any provision of this Agreement, and nothing herein shall be construed as a release

of claims that Plaintiffs may have with respect to property or facilities other than the Property at issue in the Action.

5. General Provisions.

A. This Agreement and its construction shall be interpreted in accordance with the ADA and, to extent applicable, Florida law, without regard to Florida's conflict of law principles.

B. If the Property is sold or closed down (unless it re-opens), or if Defendant ceases to own, lease, lease to, or operate the Property prior to the conclusion of remedial measures contemplated by Exhibit A to this Agreement, as of that date, Plaintiff and Defendant shall no longer be subject to the terms and conditions of this Agreement. Nothing herein shall prohibit Defendant from selling, closing down or otherwise terminating operations at the Property.

C. Defendant's obligations set forth in this Agreement are subject to, and contingent upon, obtaining all necessary permits, consents and approvals from local building departments and other relevant governmental authorities, including but not limited to fire and plumbing officials and planning commissions. A good faith effort will be made to obtain the necessary permits, consents and/or approvals. If such permits, consents and/or approvals cannot be obtained by Defendant for the Property, Defendant will only be required to make the modifications set forth in Exhibit A to the extent that local building departments and other relevant governmental authorities will allow. However, to the extent any needed permits, consents and/or approvals cannot be obtained with respect to any aspect of remediation contemplated by Exhibit A to this Agreement, the Parties agree to cooperate and negotiate in good faith to obtain a reasonable, readily achievable, and workable alternative solution.

D. The Parties agree that any delays in making the modifications to the Property, as provided for herein, caused by city or county building officials, inspectors, or permitting departments shall not be deemed to violate the compliance dates contained herein, provided that Defendant provide notice to Plaintiff, through his counsel, of the reasons for the delay prior to the deadline for completion of the modification and acts in good faith to complete the modifications et for the in Exhibit A within a reasonable time thereafter.

E. Nothing in this Agreement shall require Defendant to complete any modification if completion of such modification is Structurally Impracticable, Technically Infeasible or Virtually Impossible, or if completion of such modification would involve a Significant Loss of Selling or Serving Space, as these terms are defined in the ADA and implementing regulations.

F. The failure of Defendant to perform any action required by this Agreement shall not subject it to any liability or remedy for damages or otherwise, or constitute a breach of this Agreement, if such failure is occasioned in whole or in part by an act of God, fires, accidents, earthquakes, hurricanes, tornados, explosions, floods, wars, labor disputes of shortages, riots or sabotage or any similar circumstance beyond Defendants reasonable control.

G. The Parties stipulate that the modifications agreed to in this Agreement constitute, for the purpose of Title III of the ADA and FAC, and all local laws, rules and regulations, and their implementing regulations and standards, structurally practicable measures for the removal of existing barriers to access at the Property, provided that

should Defendant, their design professionals, and/or their contractors hereafter receive a determination from any governmental entity that any of the modifications provided above are not compliant with applicable building codes or regulations, Defendant will proceed with such alternative measures that Defendant, their design professionals, and/or their contractors believe in good faith will provide accessibility to the maximum extent feasible, consistent with any such determination by a governmental entity.

H. Any action to enforce this Agreement shall be brought in a Court of competent jurisdiction located in Palm Beach County, Florida. The ADA and, to the extent applicable, Florida law shall apply in an action to enforce this Agreement. The prevailing party, as defined by the ADA, in an action to enforce this Agreement shall be entitled to their reasonable attorneys' fees, paralegals' fees, litigation expenses and costs.

I. Confidentiality. The Parties acknowledge and agree that the terms and conditions of this Agreement are and shall remain confidential, and shall not be disclosed to any person or entity, except: (i) as may be required by law; (ii) the Parties may disclose the existence, terms and conditions of this Agreement to its attorneys, and/or accountant, provided that Parties make the person to whom disclosure is made aware of the confidentiality provisions of this Agreement and such person agrees to keep the terms of this Agreement fully confidential; (iii) Defendant may discuss this Agreement with any prospective purchasers of the Property, tenants of the Property, owners of any property having any right to use all or any portion of the Property, lenders, investors, governmental entities, regulatory agencies or authorities, its attorneys, its management, its accountants, its consultants, its contractors or Parties consulted or engaged to perform the modifications herein; (iv) Defendant may share this Agreement as part of a defense to any threatened, potential or actual ADA lawsuit or similar lawsuit against Defendant and/or the Property and with the Parties to any future ADA lawsuit or similar lawsuit involving Defendant and/or the Property that is this the subject of the Agreement; (v) in any action taken to enforce this Agreement and (vi) for determination as to entitlement to and amount of attorneys' fees, paralegals' fees, costs and expert fees for a prevailing party in an action to enforce the terms of this Agreement. The Parties agree that this Agreement shall not be filed with the Court, but originals or copies shall remain in the possession of the Parties (one each) and shall be filed by Parties for enforcement purposes only, or as may be required by the Court. The Parties, whether by or through their agents, attorneys, or employees, also agree not to solicit or initiate any demand or request by others not party to this Agreement for nay disclosure of the terms, conditions or any facts relating to this Agreement. The Parties further represent that they have not disclosed the terms and conditions of this Agreement to anyone other than their attorneys, accountants, experts and immediate family members.

J. Nothing in this Agreement shall be deemed and admission of wrongdoing or an admission of any violation of law by any of the Released Parties.

K. Each person executing this Agreement on a party's behalf, has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Agreement.

L. Plaintiff represents and warrants that he has not received any promises or agreements not expressly contained in this Agreement, and is not relying upon any statements or representations made by Defendant, its agents, attorneys, employees, or persons acting on Defendant's behalf concerning the merits of any claims or the nature, extent or duration of any damages, or any other thing or matter, but is relying solely upon their own judgment and this Agreement. Plaintiff further represents and warrants that he

has not encountered and is not aware of any other accessibility barriers at any Defendant owned property, other than the barriers alleged in the Action.

M. The Parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

N. The Agreement contain the entire agreement between the Parties with respect to the matters set forth herein, and no other statement, promise, or agreement, either written or oral, made by either party or agents of either party, that is not contained in this written Agreement shall be enforceable. This Agreement fully supersedes any and all prior agreements, statements, representations or understandings pertaining to the subject matter herein. This Agreement shall be binding upon and inure to the benefit and/or detriment of (in the case of obligations) the members, executors, administrators, personal representatives, heirs, successors, and assigns of each party. In the event that a court of competent jurisdiction concludes that any part of this Agreement is unenforceable, such portions shall be severed, and all other portions shall remain valid and enforceable, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

O. As a material inducement for Plaintiff and Defendant's willingness to enter into this Agreement, each further represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person, thing, corporation, association or entity whatsoever, any claims released herein.

P. The Parties acknowledge that each party has reviewed and revised this Agreement and that the normal rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

Q. This Agreement may be executed in counterparts and via facsimile and/or electronic transmission (e.g. an executed agreement scanned into a pdf document and exchanged by email), each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument For the purposes of this Agreement all faxed and scanned signatures shall be accepted as original signatures.

R. No waiver of any breach or other rights under this Agreement shall be deemed a waiver unless the acknowledgment of the waiver is in writing executed by the party committing the waiver. No waiver shall be deemed to be a waiver of any subsequent breach or rights. All rights are cumulative under this Agreement.

S. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

**THE PARTIES AGREE THAT THIS AGREEMENT CONSTITUTES THEIR ENTIRE AGREEMENT, THAT THEY HAVE READ AND UNDERSTAND ALL ITS PROVISIONS AND REQUIREMENTS, AND THAT THEY ARE ENTERING INTO THIS AGREEMENT VOLUNTARILY AND IN GOOD FAITH.**

HOWARD COHAN

Dated 5/3/2016

HURRICANE WINGS REALTY OF BOCA WEST LLC,
d/b/a HURRICANE GRILL & WINGS

By: FRED GRANT
Its: CFO
Dated: 4-28-16

# EXHIBIT A

**Repairs/Modifications:**

A. Men's Restroom:

a. Provide or repair bathroom door with a proper maneuvering clearance as required by 2010 ADAAG §§ 403, 403.5, 403.5.1 and 404.2.3.

b. Provide operable parts on door which are functional and are in the proper ranges as required for a disabled person in compliance with 2010 ADAAG §§ 309, 309.1, 303.3 and 309.4.

c. Provide a urinal designed for a disabled person with horizontal projection of the urinal with a minimum of 13.5" in compliance with 2010 ADAAG §§ 605 and 605.2

d. Provide toilet paper dispenser in the proper position with a minimum of 7" to a maximum 9" in front of the toilet to center line and at the proper height with a minimum of 15" to maximum of 40" from the finished floor in compliance with 2010 ADAAG §§ 604, 604.7 and 309.4.

e. Provide mirror(s) with a proper minimum height 40" above lavatories in compliance with 2010 ADAAG §§ 603 and 603.3.

f. Provide the correct opening width for forward approach into a urinal or stall in compliance with 2010 ADAAG §§ 305, 305.7.1, 404 and 605.3.

B. Inside Bar Area:

a. Provide a minimum of one accessible dining table in the inside bar area with an accessible route and sufficient toe and knee clearance. Bartender service will be provided at the handicap accessible table. If Bartender service will not be provided at the handicap accessible table then in addition to providing the handicap accessible table a section in the bar with a maximum height of 36" and a minimum length of 30" with sufficient toe and knee clearance will be provided. All modifications will be in compliance with the applicable 2010 ADAAG §§ 902, 902.1, 902.2, 305, 306, 904, 904.4, 904.4.1 and 904.4.2.

C. Outside Bar Area:

a. Provide a minimum of one accessible dining table in the inside bar area with an accessible route and sufficient toe and knee clearance. Bartender service will be provided at the handicap accessible table. If Bartender service will not be provided at the

handicap accessible table then in addition to providing the handicap accessible table a section in the bar with a maximum height of 36" and a minimum length of 30" with sufficient toe and knee clearance will be provided. All modifications will be in compliance with the applicable 2010 ADAAG §§ 902, 902.1, 902.2, 305, 306, 904, 904.4, 904.4.1 and 904.4.2.

D. Takeout Service:

a. Provide a handicap accessible takeout service area in compliance with 2010 ADAAG §§ 904, 904.4, 904.4.1 and 904.2.